FILED
MAY 0 2 2006   NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| JOSEPH GUERRIERI<br>796 Bethel Avenue<br>Bolingbrook, IL 60490 | : | CIVIL ACTION |
| | : | |
| Plaintiff | | **06CV2456**<br>**JUDGE LEINENWEBER**<br>**MAGISTRATE VALDEZ** |
| vs. | : | |
| METRA<br>547 W. Jackson Blvd.<br>Chicago, IL 60661 | : | JURY TRIAL DEMANDED |
| and | : | |
| NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>210 S. Canal Street<br>Chicago, IL 60606 | : | |
| Defendants | : | NO. |

## COMPLAINT

1. The Plaintiff, Joseph Guerrieri, is a competent adult individual residing at 796 Bethel Avenue, Bolingbrook, Illinois 60490.

2. The Defendant, Metra, is the registered service mark for the Northeast Illinois Regional Commuter Railroad Corporation which is a railroad doing business at and whose address for service of process is 547 W. Jackson Blvd., Chicago, Illinois 60661.

3. The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is, 210 S. Canal Street, Chicago, Illinois 60606.

4. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), Title 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

5. At all times material hereto, the Defendant, Metra, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois and other states of the United States.

6. At all times material hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois and other states of the United States.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by Defendants and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

9. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

10. The Plaintiff has been employed by the Defendants from 1990 to the present as an electrician, and, while working within the scope of his employment in and around the 14th Street Yard, Chicago, Illinois was exposed to excessive and harmful cumulative trauma to his hip

due to the repetitive climbing in/out of rail cars, walking on ballast, with which he performed his work for the Defendant.

11. Less than three years before this action was filed, Plaintiff discovered that he was suffering from degenerative joint disease of the left hip as a result of repetitive occupational trauma to his hip, which required replacement surgery and until such time, Plaintiff was reasonably ignorant as to same.

12. The injuries and disabilities of the Plaintiff were caused, contributed to and/or aggravated by excessive repetitive trauma to his hip while working for the Defendants.

13. The aforesaid injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    (a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. Secs. 51-60;

    (b) in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to his hip;

    (c) in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the lower extremities; and failing to take appropriate action, including advising Plaintiff as to the test results;

    (d) in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around repetitive trauma to his lower extremities;

(e) in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to the lower extremities when it knew of the risks thereof;

(f) in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(g) in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the lower extremities;

(h) in negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the lower extremities;

(i) in negligently failing to employ safe working practices;

(j) in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the lower extremities;

(k) in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

(l) in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

(m) in negligently failing to monitor the Plaintiff's work habits to determine

- 4 -

    if his work activities placed him at risk of suffering a repetitive trauma injury; and,

  (n) in negligently failing to use due care and caution required under the circumstances.

14. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which may and probably will continue in the future.

15. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which will continue in the future.

16. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

17. As a direct result of the Defendants, their agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury to his hip.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Metra and National Railroad Passenger Corporation, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS, ($100,000.00).

|  |  |
|---|---|
| | HANNON & JOYCE |
| Dated: May 1, 2006 | BY: _____<br>THOMAS J. JOYCE, III, ESQ.<br>The Public Ledger Bldg - Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA 19106<br>(215) 446-4460<br>Attorney for Plaintiff |
| | DICKER & DICKER |
| Dated: May 1, 2006 | BY: _____<br>STEVEN M. DICKER, ESQUIRE #52742<br>300 W. Adams Street<br>Suite 330<br>Chicago, IL 60606-1102<br>(312) 853-3485<br>Local Counsel for Plaintiff |